# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CATE BROWN PHOTOGRAPHY,

    Plaintiff,

v.                                  CASE NO. 8:19-cv-447-T-02CPT

DAVID-JACOBS PUBLISHING GROUP,
LLC d/b/a Adventure Outdoors Magazine,

    Defendant.
_____/

## O R D E R

Before the Court is Plaintiff's Motion for Entry of Final Judgment of Default Against Defendant (Dkt. 14). After carefully considering the motion, the declarations and exhibits (Dkts. 14-1, 14-2), and the entire court file, the Court concludes the motion should be granted in its entirety.

The complaint seeks damages for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. (Dkt. 1). Plaintiff, as owner of a registered copyright for a specific photograph of a sailboat (the Work), alleges that Defendant copied the Work without Plaintiff's permission and distributed the Work on the internet to promote the sale of goods as part of Defendant's business.

*Id.*; Dkt. 14-1. The principal photographer of Plaintiff avers that the photograph is scarce and of high quality. Dkt. 14-1 ¶¶ 16, 17, 20.

Despite being served with the summons and complaint (Dkts. 3, 8), Defendant failed to plead or otherwise defend this action. A clerk's default was entered on March 27, 2019. Dkt. 10. The Court finds that liability is established by virtue of the default on the well-pleaded complaint. *See Malibu Media, LLC v. Danford*, No. 2:14-cv-511-FtM-38CM, 2015 WL 2238210, at *2 (M.D. Fla. May 12, 2015) (finding liability for direct copyright infringement by virtue of default and citing *Buchanen v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).[1]

The Plaintiff seeks damages pursuant to 17 U.S.C. § 504. In her declaration, Catherine Brown avers, as creator of the Work, that her actual damages total $6,720, taking into consideration a "scarcity multiplier" and a quality factor to account for lost revenue from the infringement.[2] A scarcity

---

[1] *See also Reiffer v. Legendary Journeys, Inc.*, No. 8:17-cv-2748-T-35AAS, 2019 WL 2029973 (M.D. Fla. April 10, 2019),(awarding by default judgment actual damages of $75,200.00, attorney's fees of $10,298.00, and costs, for copyright infringement of a photograph)*, adopted in* 2019 WL 2029829 (M.D. Fla. May 2, 2019); *McKennon v. Newscastic, Inc.*, 6:18-cv-323-Orl-41DCI, 2018 WL 5847424 (M.D. Fla. Sept. 7, 2018) (awarding by default judgment statutory damages of $45,000.00, and attorney's fees and costs of $3,369.20, for copyright infringement of a photograph).

[2] The license fee for the work is $280.00 per year for a single use for one year. Multiplied by a scarcity factor of 3 and a quality factor of 4, the actual damages amount to $3,360.00 for one year. The infringement occurred for two years totaling $6,720.00. Dkt. 14-1 ¶¶ 20, 21.

multiplier attempts to compensate for a work's loss in value based on the decreased likelihood that potential buyers will purchase a work that has been displayed commonly and widely on the internet to advertise outdoor destinations and products, as is the case here. *See Reiffer v. Legendary Journeys, Inc.*, No. 8:17-cv-2748-T-35AAS, 2019 WL2029973, at *3 (M.D. Fla. Apr. 10, 2019) (finding a scarcity multiplier of 5 adequate to account for lost revenues, before consideration of the loss of exclusivity), *adopted in* 2019 WL 2029829 (M.D. Fla. May 2, 2019). In short, the Work is devalued because it is displayed on a website surrounded by other images. Potential buyers would believe that the Work must be a readily available stock photo rather than a carefully orchestrated photograph taken while Catherine Brown was precariously hanging from the edge of a separate small vessel to catch the perfect angle to photograph the sailboat. Dkt. 14-1 ¶¶ 7,17.[3]

This Court, and others, agree that statutory damages are "especially appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the infringers' control and is not disclosed." *Clever Covers, Inc. v. Sw. Fla. Storm Defense, LLC*, 554 F.Supp.2d 1303, 1311

---

[3] In addition to the scarcity factor, the loss of exclusivity may also be considered. *See Reiffer*, 2019 WL 2029973 at *4.

(M.D.Fla. 2008) (citation omitted). The complaint establishes an inference of willfulness on the part of Defendant. Having established actual damages of at least $6,720.00, the Court finds that $20,160.00, or three times the actual damages, is appropriate. This amount does not provide a windfall recovery and does bear some relationship to the actual damages suffered. *Clever Covers, Inc.*, 554 F.Supp.2d at 1313. The Court finds these damages are a sum certain, which is supported by the allegations of the complaint and the supporting declarations.

Costs and attorney's fees are sought pursuant to 17 U.S.C. §505 in the amount of $473.00 and $4,447.50, respectively, which the Court finds are authorized, reasonable, and appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) The Plaintiff's Motion for Entry of Final Judgment of Default Against Defendant (Dkt. 14) is granted.

2) Defendant is permanently enjoined from directly or indirectly infringing Plaintiff's rights in the Work and from using the internet to reproduce, copy, distribute, or make the Work available for distribution to the public, unless Defendant receives a license or express authority from Plaintiff. Defendant is required to destroy all illegal downloaded or reproduced copies of the Work in its possession.

3) Plaintiff shall recover of Defendant the sum of $20,160.00 for damages, $473.00 for costs, and $4,447.50 for attorney's fees plus pre-judgment and post-judgment interest.

4) The Clerk is directed to enter a default final judgment against the Defendant and in favor of Plaintiff in the total amount of $25,080.50, plus pre-judgment interest at the annual percentage rate calculated pursuant to 28 U.S.C. § 1961 from November 11, 2017 through the date of the judgment as well as post-judgment interest.

5) The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 27, 2019.

        s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record